**Kenneth L. ANTHIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 42A01–9908–CR–272.**

Court of Appeals of Indiana.

June 12, 2000.

---

Christopher A. Ramsey, Vincennes, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Kenneth L. Anthis (Anthis) appeals the trial court's denial of his motion challenging the constitutionality of the Sex Offender Registration Act.[1]

We affirm.

Upon appeal, Anthis alleges that the sex offender registration law violates Article I, Section I of the Indiana Constitution. He maintains that the sex offender registration law is unconstitutional in that it violates his right to "life, liberty and the pursuit of happiness...." Ind. Const. Art. I, Sec. 1.

Anthis concedes that there are no Indiana cases addressing this particular issue.[2] Anthis, however, urges us to adopt the position the Ohio Court of Appeals took in *State v. Williams*, No. 97–L–191, 1999 WL 76633 (Ohio Ct.App. Jan. 29, 1999), which held that a similarly worded Ohio statute was unconstitutional. His reliance upon this opinion is misplaced. In *State v. Williams* (2000) 88 Ohio St.3d 513, 728 N.E.2d 342, the Ohio Supreme Court reversed the Ohio Court of Appeals and held that the sex offender registration law does not violate the constitutional rights of sex offenders.[3]

Therefore, by relying solely upon a case that has been overruled, Anthis has failed to carry his burden to demonstrate that the statute is unconstitutional.

The judgment is affirmed.

BAILEY, J., and VAIDIK, J., concur.

1. I.C. 5–2–12–1 *et seq.* (Burns Code Ed. Repl. 1997 & Supp.1999) and I.C. 35–38–1–7.5 (Burns Code Ed. Supp.1999).

2. Anthis acknowledges that in *Spencer v. O'Connor* (1999) Ind.App., 707 N.E.2d 1039, *trans. denied,* a panel of this court determined that the sex offender statute did not violate Article I, Section 24 of the Indiana Constitution prohibiting *ex post facto* laws.

3. The Ohio Supreme Court had not yet decided this case at the time Anthis filed his Appellant's Brief on September 20, 1999.