**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**DAVID S. HEALEY**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID S. HEALEY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1107-PC-356 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1011-PC-0109

**August 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

David S. Healey, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief and his petition for summary disposition. He contends that a 1995 amendment to the Indiana Sex Offender Registration Act is an impermissible ex post facto law as applied to him, entitling him to post-conviction relief, and that the post-conviction court abused its discretion by not holding a hearing on his petition for summary disposition. We find that the amendment is not an impermissible ex post facto law and that the post-conviction court did not abuse its discretion by not holding a hearing on his summary disposition petition. We therefore affirm.

## Facts and Procedural History

On July 1, 1994, the Indiana General Assembly enacted the first version of the Indiana Sex Offender Registration Act ("the Act"). This version of the Act required individuals convicted of certain offenses to register as sex offenders until they were no longer on probation or had been discharged from parole. In September 1994, Healey committed an offense that required his compliance with the Act. On July 1, 1995, the Indiana General Assembly amended the Act, requiring offenders to register as sex offenders for ten years after the date that the offender was released from prison, placed on parole, or placed on probation, whichever occurred last. *See* Ind. Code § 5-2-12-13 (1995) (repealed by P.L. 140-2006, Sec. 41 and recodified under Ind. Code § 11-8-8-19). On July 7, 1995, Healey pled guilty to Class C felony child molesting and received an executed sentence of eight years. He was released on parole from the Department of Correction on September 7, 1999, and was discharged from parole on June 20, 2003.

On July 21, 2009, the State charged Healey with Class D felony failure to register as an offender. Healey pled guilty and was sentenced to two years imprisonment. He later filed a petition for post-conviction relief arguing: (1) the Act violated Indiana's constitutional provision against ex post facto laws and (2) ineffective assistance of trial counsel for not advising him that a defense for his failure to register charge was available under the claim that the Act constituted an ex post facto law. Appellant's App. p. 19-21. The State filed its motion to have the cause submitted on affidavits, which was granted. *Id.* at 27. Healey submitted his affidavit, and the State submitted its response to the affidavit. *Id.* at 28-59. Healey then filed for a motion for summary disposition, arguing that he was entitled to post-conviction relief because the 1995 amendment to the Act was an ex post facto law. *Id.* at 60-66. The post-conviction court entered its findings of facts and conclusions of law denying post-conviction relief and later denied Healey's motion for summary disposition before the State responded to the motion. *Id.* at 16.

Healey filed a motion to reconsider both the denial of his motion for summary disposition and the denial of his post-conviction relief. *Id.* at 81-90. Both motions were denied.

Also, on September 22, 2010, Healey was again charged with Class C felony failure to register as an offender. He was found guilty as charged and later appealed his conviction, arguing that the Act constituted an ex post facto law as applied to him under both the United States and Indiana Constitutions and that his sentence was inappropriate. Both his conviction and his sentence were upheld by this Court. *Healey v. State*, 969 N.E.2d 607 (Ind. Ct. App. 2012).

Healey now appeals the post-conviction court's denial of his motion for summary disposition and the denial of his post-conviction relief.

**Discussion and Decision**

Healey raises two issues on appeal: (1) whether the post-conviction court erred in denying his petition for post-conviction relief and (2) whether the post-conviction court abused its discretion in denying his motion for summary disposition without holding a hearing.

**I. Petition for Post-Conviction Relief**

Post-conviction proceedings provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied*. "In post-conviction proceedings, the defendant bears the burden of proof by a preponderance of the evidence." *Id.* We review factual findings of a post-conviction court under a "clearly erroneous" standard but do not defer to any legal conclusions. *Id.* We will not reweigh the evidence or judge the credibility of the witnesses and will examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court. *Id.* Additionally, the post-conviction court here entered findings of fact and conclusions thereon, as required by Indiana Post-Conviction Rule 1(6). We cannot affirm the judgment on any legal basis, but rather we must determine if the court's findings are sufficient to support the judgment. *Huddleston v. State*, 951 N.E.2d 277, 280 (Ind. Ct. App. 2011), *trans. denied*.

Healey contends that the Act violates the ex post facto provision of the Indiana Constitution, so he is entitled to post-conviction relief. However, he raised this issue in the direct appeal of his conviction stemming from his September 2010 Class C felony

failure to register as an offender charges, and a panel of this Court found that "Healey has not carried his burden of demonstrating that as applied to him, the 1995 amendment violates the Indiana constitutional prohibition against ex post facto laws." *Healey*, 969 N.E.2d at 616. We conduct the same analysis in this case, and we reach the same result.

In evaluating ex post facto claims under the Indiana Constitution, we apply the "intent-effects" test to determine if the law punishes an act that was not punishable when it was committed or imposes an additional punishment to that which was in place at the time the act was committed. *Jensen v. State*, 905 N.E.2d 384, 389-90 (Ind. 2009). We first discern if the legislature intended to impose punishment or create a non-punitive regulatory scheme. If it intended to impose punishment, the analysis ends. However, if it intended to create a non-punitive regulatory scheme, we must conduct a further analysis to determine if the scheme is "so punitive in effect as to negate that intention thereby transforming what was intended as a civil regulatory scheme into a criminal penalty." *Id.* at 390. In this case, we agree with the reasoning in *Healey* that the legislative intent here was to create a non-punitive regulatory scheme – namely to promote public safety. *Healey*, 969 N.E.2d at 613. Therefore, our analysis must continue.

Since there is no punitive intent on the part of our legislature, we must now determine whether applying the 1995 amendment to Healey is punitive. To determine this, we analyze the following seven factors established by the United States Supreme Court in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963):

> (1) Whether the sanction involves an affirmative disability or restraint, (2) whether it has historically been regarded as punishment, (3) whether it comes into play only on a finding of *scienter*, (4) whether its operation will promote the traditional aims of punishment – retribution and punishment, (5) whether the behavior to which it applies is already a crime, (6) whether

5

an alternative purpose to which it may rationally be connected is assignable for it, and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Lemmon v. Harris*, 949 N.E.2d 803, 810 (Ind. 2011) (quoting *Wallace v. State*, 905 N.E.2d 371, 379 (Ind. 2009)). In analyzing the seven *Mendoza-Martinez* factors, we adopt the reasoning and holding from *Healey* – only two of the seven factors "lean in favor of treating the effects of the 1995 amendment as punitive when applied to Healey." 969 N.E.2d at 616.

We agree that the first factor is not punitive because the amendment does not involve an affirmative disability or restraint. In *Jensen*, our Supreme Court found that extending the registration requirements from ten years to life was only slightly punitive, 905 N.E.2d at 392, so increasing the registration requirement by ten years "does not favor treating the effects of the 1995 amendment as punitive as applied to Healey." *Healey*, 969 N.E.2d at 614. We also agree that the second and third factors favor finding the 1995 amendment to be punitive as applied to Healey. Our Supreme Court has determined that the Act has historically been regarded as punishment, *see, e.g.*, *Wallace*, 905 N.E.2d at 380-81, and that the Act "overwhelmingly applies to offenses that require a finding of scienter for there to be a conviction." *Id.* at 381.

However, we find the rest of the factors to favor finding the 1995 amendment non-punitive as applied to Healey. We adopt the reasoning in *Healey* that the amendment does not promote the traditional aims of punishment. 969 N.E.2d at 614. Healey is in the same position after the Act was amended as before; he is still required to register as an offender, which is the portion of the Act that promotes punishment. *Id.* at 615. The only difference is the time frame during which he must register, which does not have a

6

punitive effect. *Id.* We also agree that "Healey's behavior was criminal both before and after the 1995 amendment," *id.*, so the fifth factor is non-punitive as applied to him. The sixth factor is non-punitive because the Act advances a legitimate regulatory purpose, as our Supreme Court unequivocally found in *Jensen*, 905 N.E.2d at 393, and this Court found in *Healey*, 969 N.E.2d at 615. Finally, we agree with the reasoning in *Healey* that the seventh factor is also non-punitive because the Act is not excessive in relation to the alternative purpose assigned. *Id.* at 616. The Act's initial requirements were in place when Healey pled guilty in 1995, and the only change was the length of time for which Healey must register. Our Supreme Court held in *Jensen* that this did not render the amendment punitive, 905 N.E.2d at 394, so the same results here.

Therefore, after analyzing the seven *Mendoza-Martinez* factors, we agree with the previous panel of this Court that found that "Healey has not carried his burden of demonstrating that as applied to him, the 1995 amendment violates the Indiana constitutional prohibition against ex post facto laws." *Healey*, 969 N.E.2d at 616. The 1995 amendment is not punitive as applied to him.

## II. Motion for Summary Disposition

Healey also contends that the post-conviction court abused its discretion in denying his motion for summary disposition without holding a hearing. He argues that the post-conviction rules dictate that the State be given time to respond to his motion and that either party be given time to move for a hearing on the motions after the response is filed. We disagree.

Indiana Post-Conviction Rule 1(4)(g) governs summary dispositions and states:

The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court *may* ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

(Emphasis added). As the plain language of the rule indicates, the court *may* ask for oral argument on the legal issues raised in the motion for summary disposition; it is not required to conduct a hearing.

We find that the post-conviction court did not abuse its discretion in denying Healey's motion for summary disposition without a hearing.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

8