## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2015, 10:14 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Special Assistant to the State Public Defender
Wieneke Law Office, LLC

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen E. Abernathy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 30, 2015 <br><br> Court of Appeals Case No. 23A01-1411-CR-492 <br><br> Appeal from the Fountain Circuit Court <br><br> The Honorable Susan Orr Henderson, Judge <br><br> Case No. 23C01-1407-FD-278 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Stephen E. Abernathy appeals his advisory sentence for Class D felony failure to register as a sex offender. He contends that his sentence of one and one-half

years is inappropriate in light of the minor nature of the offense and the fact that he pled guilty at his initial hearing. Because Abernathy has failed to persuade us that the advisory sentence is inappropriate in this case, we affirm.

# Facts and Procedural History

[2] Abernathy was required to register as a sex offender in Indiana. One of the registration requirements is that a sex offender must report in person to local law enforcement no later than seventy-two hours after a change in principal address. *See* Ind. Code § 11-8-8-11(a). In addition, a sex offender who does not have a principal or temporary residence must report in person to local law enforcement at least once every seven days. *See* Ind. Code § 11-8-8-12(c).

[3] In June 2014 Fountain County law enforcement learned that Abernathy had moved out of his principal residence on West Coopers Chapel Road in Veedersburg "some time ago" and was now homeless. Appellant's App. p. 7. Abernathy, however, did not report these changes in person to local law enforcement.

[4] On July 8, 2014, the State charged Abernathy with Class D felony failure to register as a sex offender for not residing at his registered address or location on June 30, 2014. *See* Ind. Code Ann. § 11-8-8-17(a)(5) (West 2013 Supp.); Appellant's App. p. 6. At his initial hearing that same day, Abernathy waived counsel and pled guilty as charged because he did not want "to waste [the trial court's] time on this." Tr. p. 10. Abernathy knew that he had only a certain

amount of time to report a change of principal address and that he was required to register once a week because he was homeless,[1] yet he did not do these things. *Id.* at 12. Abernathy, who said he was living in his car and suffering from Stage 4 cirrhosis of the liver, claimed that he did not report in person as required because he was "trying to get a mobile home set up," which used all of his energy. *Id.* at 12, 22. The trial court proceeded to sentencing and sentenced Abernathy to the advisory term of one and one-half years.[2]

[5] Abernathy now appeals his sentence.

# Discussion and Decision

[6] Abernathy contends that his advisory sentence is inappropriate in light of the "minor" nature of the offense and his "immediate[]" admission of guilt. Appellant's Br. p. 3, 4. He therefore asks us to reduce his sentence.

[7] Our appellate rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his

---

[1] Abernathy admitted that he was homeless for a period of time in 2012 and had to report every seven days. Tr. p. 12.

[2] Abernathy was on probation for Class D felony resisting law enforcement and Class A misdemeanor driving while suspended when he should have reported in person to local law enforcement. At the initial hearing, the probation department filed a notice of probation violation. Abernathy admitted to violating his probation, and the trial court sentenced him to one and one-half years, to be served consecutive to his sentence in this case.

or her sentence has met this inappropriateness standard of review." *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[8]     The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

[9]     A person who commits a Class D felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. Here, the trial court sentenced Abernathy to the advisory term.

[10]    As for the nature of the offense, Abernathy, who knew the registration requirements of the sex-offender registry, failed to report in person to local law enforcement when he moved out of his principal residence and became homeless. As a result, Abernathy's address remained the same in the sex-offender registry even though he no longer lived on West Coopers Chapel Road. *See Jensen v. State*, 905 N.E.2d 384, 393 (Ind. 2009) (noting that the purpose of the Sex Offender Registration Act is deterrence and promoting community condemnation). His reason for not reporting was because he was

trying to set up a mobile home. The nature of the offense does not convince us that the advisory term is inappropriate.

[11] As for Abernathy's character, the trial court sentenced him before a Presentence Investigation Report could be prepared; therefore, we do not know much about his character. We acknowledge that he pled guilty at the initial hearing, which quickly resolved this case and saved the court time. However, he was also on probation for two offenses when he committed this offense. Abernathy's character also supports the advisory sentence. We therefore affirm his sentence.

[12] Affirmed.

Kirsch, J., and Bradford, J., concur.