## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2015, 9:36 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Jonathan L. Slone
Wolcottville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonathan L. Slone,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 31, 2015<br><br>Court of Appeals Case No.<br>57A04-1503-CR-123<br><br>Appeal from the Noble Superior Court<br><br>The Honorable G. David Laur, Judge<br><br>Trial Court Cause No.<br>57D01-0208-FA-26 |

**Mathias, Judge.**

[1]     Jonathan Slone ("Slone"), a convicted sex offender, appeals the Noble Superior Court's denial of his petition to remove his sexually violent predator ("SVP")

designation. Slone argues that his designation as a sexually violent predator and the requirement that he register as sex offender for his lifetime violate his due process rights and the ex post facto provision of the Indiana Constitution.

[2] We affirm.

## Facts and Procedural History

[3] On August 14, 2002, the State charged Slone with Class A felony child molesting. Slone was convicted after a jury trial, and on October 15, 2003, Slone was sentenced to thirty years in the Department of Correction with five years suspended to probation. Slone appealed his conviction and sentence, and this court remanded to the trial court for re-sentencing in 2004. *Slone v. State*, No. 57A04-0312-CR-666 (Ind. Ct. App. Aug. 18, 2004). The trial court did not substantively change Slone's sentence, and he then appealed the second sentencing order. On May 20, 2005, this court issued a memorandum decision affirming the trial court's sentencing decision. *Slone v. State*, No. 57A03-0412-CR-559 (Ind. Ct. App. May 20, 2005). Shortly thereafter, Slone filed a petition for post-conviction relief, which he later withdrew.

[4] In 2007, under Indiana Code section 35-38-1-7.5 (b)(C), Slone was classified as a sexually violent predator by operation of law. He then filed several motions for modification of sentence and another petition for post-conviction relief, which the trial court denied. Again in 2013 and 2014, Slone filed several more motions for modification of sentence, which the court also denied.

On January 14, 2015, Slone was released from the Indiana Department of Correction, and he subsequently filed a *pro se* petition to remove his sexually violent predator status on January 22, 2015. He also submitted a request for dismissal from sex offender counseling classes and permission for family visitation, which the trial court denied. Slone then filed a motion to correct error, which the trial court denied. Slone now appeals.

## Due Process

First, Slone argues that under Indiana Code section 35-38-1-7.5, the trial court did not designate him as a sexually violent predator at his sentencing hearing and that doing so later violated his due process rights. Slone cites to Indiana Code section 35-38-1-7.5 (d) which provides that, "[a]t the sentencing hearing, the court shall indicate on the record whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b)."

However, effective May 10, 2007, the statute was amended and now mandates that an individual is a sexually violent predator "by operation of law" if the person committed a section 35-38-1-7.5(b) offense and he was released from incarceration, secure detention, or probation for the offense after June 30, 1994. Although Slone committed the child molesting offense in 2002 before the Amendment was effective, child molesting is classified as a section 35-38-1-7.5(b) offense, and he was released from the Department of Correction on January 14, 2015.

[8] Slone is a sexually violent predator by operation of law due to his 2003 Class A felony child molesting conviction and is required to register for life. *Lemmon v. Harris*, 949 N.E.2d 803, 806 (Ind. 2011). Slone's argument that he is improperly designated a sexually violent predator because the trial court did not designate him as such at his sentencing hearing has no merit. *See Lemmon*, 949 N.E.2d at 808-09 (stating "under the 2007 Amendment, the Legislature had changed the Act from requiring the court to determine SVP status at the sentencing hearing to the 'automatic designation of SVP status.'" "At the time Harris was released from prison in December 2007, the sentencing court was no longer required to have 'determined' a person's SVP status"). Therefore, Slone's due process rights were not violated.

## Ex Post Facto

[9] Slone also contends that his designation as a sexually violent predator and the requirement that he register as a sex offender for his lifetime violate the ex post facto clause of the Indiana Constitution. Specifically, Slone argues that the application of INSORA's 2007 Amendment requiring sexually violent predators to register for life is a retroactive punishment. The Indiana Constitution provides that "[n]o ex post facto law. . . shall ever be passed." Ind. Const. art. 1, § 24. The ex post facto clause prohibits the Legislature from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Jensen v. State*, 905 N.E.2d 384, 389 (Ind. 2009). "The underlying purpose of the Ex Post Facto Clause is to give effect to the

fundamental principle that persons have a right to a fair warning of that conduct which will give rise to criminal penalties." *Wallace v. State,* 905 N.E.2d 371, 377 (Ind. 2009) (citing *Armstrong v. State*, 848 N.E.2d 1088, 1093 (Ind. 2006)).

[10]     When we consider ex post facto claims, we assess the alleged violation using the factors outlined in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), and adopted by our supreme court in *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009). *See also Gonzales v. State*, 980 N.E.2d 312, 317 (Ind. 2013) (stating "[i]n evaluating an ex post facto claim under the Indiana Constitution we apply what is commonly known as the 'intent-effects test'"). The intent-effects test directs us to determine whether the Legislature intended the Act to be a regulatory scheme that is civil and non-punitive. *Wallace*, 905 N.E.2d at 379. The factors include:

> [1] [w]hether the sanction involves an affirmative disability or restraint, [2] whether it has historically been regarded as punishment, [3] whether it comes into play only on a finding of scienter, [4] whether its operation will promote the traditional aims of punishment—retribution and deterrence, [5] whether the behavior to which it applies is already a crime, [6] whether an alternative purpose to which it may rationally be connected is assignable for it, and [7] whether it appears excessive in relation to the alternative purpose assigned.

> *Id.*

[11]     When we apply the intent-effects test here, we look to *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011), for guidance. In that case, Harris was convicted of

several counts of child molesting in 1999 before lifetime registration was required under INSORA. However, on the date Harris committed his offenses, sex offenders were required to register for ten years. *Id.* at 807. Prior to his releases in 2007 and 2008, the Department of Correction informed Harris that he was required to register as a sexually violent predator. *Id.* at 805. Like Slone, Harris argued that the sexually violent predator classification was a violation of the ex post facto clause. *Id.* After weighing the seven factors, our supreme court concluded:

1. [T]he Act imposes significant affirmative obligations because Harris must register, re-register, disclose public and private information, and keep that information updated.

2. The registration requirements of the Act have a dissemination component that resembles shaming as punishment for the act.

3. Harris's qualifying offense is one of the few included in the Act for which there is no scienter requirement.

4. The Act deters criminal conduct and promotes community condemnation of offenders which are traditional aims of punishment but these effects apply the same to an offender who is required to register for ten years as to one who is required to register for life. Harris is not in a different position than before the 2007 Amendment, so this factor should lean toward treating the effects of the acts as non-punitive when applied to Harris.

5. The Act applies only to criminal behavior, which suggests that its effects are punitive. However, Harris was already required to register because his behavior was criminal before the 2007 Amendment.

6. [T]he Act advances a legitimate regulatory purpose because it promotes public safety by protecting the public from repeat sex offenders.

7. The Act's requirements are not excessive in relation to its legitimate, regulatory purpose because Harris was already subject to the registration requirements based on when he was convicted and the 2007 Amendment also provides a process by which Harris may ask to no longer be considered a SVP.

*Id.* at 811-13.

[12] Although the first three factors leaned toward treating the Act as punitive, the remaining four factors leaned in favor of treating the Act as non-punitive when applied to Harris. *Id.* at 813. *See also Jensen v. State*, 905 N.E.2d 384, 394 (Ind. 2009) (concluding that the effects of the act were non-punitive when applied to Jensen because the "broad and sweeping" disclosure requirements were in place and applied to Jensen at the time of his guilty plea in 2000; therefore, requiring him to register under the 2006 Amendment to the Act does not violate Indiana's constitutional prohibition against ex post facto laws).

[13] Here, several of the intent-effects test factors weigh in favor of treating INSORA as non-punitive when applied to Slone. When Slone committed child molesting in 2002 he was required to register as a sex offender for ten years.

Therefore, he was required to register prior to the 2007 INSORA Amendment. *See Lemmon*, 949 N.E.2d at 812-813. Our courts have consistently held that INSORA advances a legitimate regulatory purpose to protect the public from repeat sex offenders. And importantly, like the 2006 amendment, the 2007 amendment provides that in ten years from the date of Slone's release from prison, the time frame he was originally required to register, he may petition the court to consider whether he should no longer be considered a sexually violent predator. Ind. Code § 35-38-1-7.5(g) (Supp. 2007). We therefore conclude that Slone's designation as a sexually violent predator and the accompanying registration requirements do not violate Indiana's constitutional ex post facto prohibition.

## Conclusion

[14] For all of these reasons, we affirm the trial court's denial of Slone's petition to remove the designation of his status as a sexually violent predator.

[15] Affirmed.

Baker, J., and Bailey, J., concur.