**Mark VICKERY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–1001–CR–38.

Court of Appeals of Indiana.

June 9, 2010.

Publication Ordered July 1, 2010.

Mark Vickery, New Castle, IN, Appellant pro se.

Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Mark Vickery appeals the trial court's denial of his motion to remove sexually violent predator ("SVP") status. We affirm.[1]

---

1. The State argues that the trial court had no jurisdiction over this matter because Vickery failed to comply with the post-conviction rules. In the interests of judicial economy, we elect to address Vickery's case on its merits.

### Issue

I. Does the current version of Indiana Code Section 35–38–1–7.5, as applied to Vickery, violate the ex post facto provisions of the Indiana and U.S. Constitutions?

II. Were Vickery's due process rights violated because he was classified as an SVP with no opportunity to be heard on the issue?

### Facts and Procedural History

On June 9, 2004, Vickery pled guilty to child molesting as a class B felony for an act he committed against an eight-year-old child on or between June 1, 1995, and July 31, 1995. On June 30, 2004, the trial court sentenced Vickery to twelve years with six years suspended. Pursuant to the terms of the plea agreement, Vickery agreed that upon release from incarceration, he would register as a convicted sex offender with local law enforcement and comply with all other terms of Indiana Code Chapter 5–2–12, the Sex Offender Registration Act ("the Act"). While the definition of SVP had been added to the Act in 1998, the trial court did not determine that Vickery was an SVP at sentencing.

On October 10, 2007, a notice of probation violation was filed with the trial court. On October 31, 2007, the trial court revoked Vickery's probation and executed his four-year suspended sentence. In 2009, Vickery discovered that he was identified as an SVP on the online Indiana Sheriffs' Sex and Violent Offender Registry. On August 25, 2009, Vickery filed a motion to remove SVP status with the trial court. On December 3, 2009, the trial court denied his motion. Vickery now appeals.

### Discussion and Decision

#### I. Ex Post Facto

■ Vickery claims that his classification as an SVP is a violation of the ex post facto provisions of the Indiana and U.S. Constitutions. Article 1, Section 10 of the U.S. Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." Pursuant to Article 1, Section 24 of the Indiana Constitution, "[n]o ex post facto law . . . shall ever be passed."

> The ex post facto clauses prohibit Indiana from enacting a law that imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. The focus of the ex post facto inquiry is not on whether the legislative change causes a disadvantage. Instead, we must determine whether the change increases the penalty by which a crime is punishable or alters the definition of criminal conduct.

*Ramon v. State,* 888 N.E.2d 244, 251 (Ind. Ct.App.2008) (citations and quotation marks omitted).

■ Every statute stands before us clothed with the presumption of constitutionality until that presumption is clearly overcome by a contrary showing. *State v. Rendleman,* 603 N.E.2d 1333, 1334 (Ind. 1992). The party challenging the constitutionality of the statute bears the burden of proof. *Id.* All doubts are resolved against that party. *Id.* If two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will choose the interpretation which permits upholding the statute. *Jensen v. State,* 905 N.E.2d 384, 390–91 (Ind.2009). We will not presume that the legislature violated the constitution unless the unambiguous language of the statute requires that conclusion. *Id.*

In 1995, when Vickery committed the offense that ultimately led to his conviction in this case, the term "sexually violent

predator" was not yet included in the Act. In 1998, the legislature enacted Indiana Code Section 5–2–12–4.5, which defined an SVP as "an individual who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in [sex offenses]." Pursuant to Indiana Code Section 35–38–1–7.5(c), also enacted in 1998,

> At the sentencing hearing, the court shall determine whether the person is a sexually violent predator. Before making a determination under this section, the court shall consult with a board of experts consisting of two (2) board certified psychologists or psychiatrists who have expertise in criminal behaviorial disorders.

At Vickery's sentencing hearing on June 30, 2004, the trial court did not consult with a board of experts, and the court did not find Vickery to be an SVP. Moreover, the State apparently did not raise the SVP issue before the trial court.

On July 1, 2006, the legislature amended Indiana Code Section 35–38–1–7.5 to include a provision designating that a person "is [an SVP] *by operation of law* if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secured detention, or probation for the offense after June 30, 1994." *See* Ind.Code § 35–38–1–7.5(b) (emphasis added). One of the offenses listed in subdivision (1) is child molesting as a class B felony. *See id.*

Last year, our supreme court addressed an ex post facto challenge with similar facts. In *Jensen v. State*, the defendant was charged in 1999 with three felony sex offenses. 905 N.E.2d at 388. In January 2000, he pled guilty to class C felony child molesting and class C felony vicarious sexual gratification. In February 2000, the trial court sentenced Jensen to a term of six years with three years suspended to probation. Pursuant to the Act then in effect, Jensen was required to report and register as a sex offender for a ten-year period. Following his release from probation in July 2004, Jensen complied with these registration and reporting requirements.

Effective July 1, 2006, our legislature amended the Act to require lifetime registration for a defendant whose offense qualifies him as an SVP. *See* Ind.Code § 11–8–8–19. On September 20, 2006, the Allen County Sheriff's Department informed Jensen that he was required to register as an SVP for life. Jensen filed with the trial court a motion to determine his registration status. The trial court held a hearing and found Jensen to be an SVP and ordered him to register as such for life. Jensen appealed, claiming, among other things, that application of the SVP provisions to his case was an ex post facto violation.

In considering the federal ex post facto issue, the *Jensen* court noted the U.S. Supreme Court's conclusion that the Alaska Sex Offender Registration Act, which is "very similar" to Indiana's Act, did not violate the federal clause. *Id.* at 390. Our supreme court apparently adopted this position with regard to the Indiana Act and moved on to the state constitutional analysis.

In considering whether Indiana's Act violates the Indiana Constitution's ex post facto provision, our supreme court applied the "intent-effects" test, which is the same analytical framework the U.S. Supreme Court uses to evaluate federal ex post facto claims. In applying the test, the court first considers whether the legislature intended the statute to establish civil proceedings or impose punishment. *Id.* The court noted that in reviewing the Act,

there is no express statement of legislative intent, but as noted above, *Jensen,* as the party challenging the statute, bore the burden of proof as to the statute's alleged constitutional violation. In Jensen, the appellant failed to even argue that the statute was punitive; therefore, the court presumed that it was civil and regulatory.

■ In the instant case, however, Vickery does claim that the Act is punitive because it "imposes an additional punishment of shaming." Appellant's Br. at 16. When the U.S. Supreme Court considered this argument in a case challenging the Alaska Sex Offender Registration Act, it held that "[t]he purpose and the principal effect of notification are to inform the public for its own safety ... and the [offender's] attendant humiliation is but a collateral consequence of a valid regulation." *Smith v. Doe,* 538 U.S. 84, 99, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). We agree with this reasoning and thus reject Vickery's argument.

Vickery also claims that the Act is punitive because it

> required him to register for life and there is no provision allowing Vickery an opportunity to prove that he is rehabilitated. It makes no difference how much rehabilitation Vickery receives or how his behavior is reformed, he will still be required to register as a sex offender for the rest of his life.

Appellant's Br. at 17. As the State correctly points out, however, the Act does in fact provide that after ten years, an SVP "may petition the court to consider whether the person should no longer be considered [an SVP]." Ind.Code § 35–38–1–7.5(g). Thus, Vickery's characterization of the Act is inaccurate, and his argument must fail.

■ If, as we have done here, the court determines that the legislature in-

tended a non-punitive regulatory scheme, then we must further examine whether the statute is so punitive in effect as to negate that intention. *Jensen,* 905 N.E.2d at 390. To assess the statute's effects, we must consider seven factors: (1) whether the sanction involves an affirmative disability or restraint, (2) whether it has historically been regarded as a punishment, (3) whether it comes into play only on a finding of scienter, (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence, (5) whether the behavior to which it applies is already a crime, (6) whether an alternative purpose to which it may rationally be connected is assignable for it, and (7) whether it appears excessive in relation to the alternative purpose assigned. *Wallace v. State,* 905 N.E.2d 371, 379 (Ind.2009) (quoting *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)).

In *Jensen,* our supreme court held that three factors lean in favor of treating the Act's effects as punitive, while four lean the other way. The court focused on the fact that information on all sex offenders is made available to the general public without restriction and without regard to whether the person poses any specific future risk. The court found, in relevant part, as follows:

> The "broad and sweeping" disclosure requirements were in place and applied to Jensen at the time of his plea hearing in 2000. Nothing in that regard was changed by the 2006 amendments. And with regard to lifetime registration, we note that [SVPs] may, after ten years, "petition the court to consider whether the person should no longer be considered [an SVP]." Ind.Code § 35–38–1–7.5(g).

*Jensen,* 905 N.E.2d at 394. Following the reasoning of the *Jensen* court, we find that

Vickery failed to demonstrate that the Act, as applied to him, violates the Indiana constitutional prohibition against ex post facto laws.

## II. Due Process

▮▮▮ Vickery also claims that the SVP classification violates his due process rights because the trial court failed to conduct a hearing on the matter. The current version of the statute provides that a person is an SVP "by operation of law" if he has committed certain sex offenses, or if he has committed a sex offense while having had a previous unrelated adjudication for a sex offense, and if the person was released from incarceration or probation after June 30, 1994. *See* Ind.Code § 35–38–1–7.5. Vickery does not contest the fact that his circumstances satisfy these statutory conditions.

Our supreme court dealt with a similar issue in *Doe v. O'Connor*, 790 N.E.2d 985 (Ind.2003). In that case, a convicted sex offender objected to changes in the Act—made after his conviction and sentencing—which required inclusion of his street address and photograph in the registry. Doe claimed that the State had violated his due process rights by depriving him of a liberty interest—specifically, injuring his reputation—without notice or hearing. He wanted an opportunity to prove that he was not a "danger to society." *Id.* at 988.

Our supreme court noted that the registry requirements challenged by Doe were solely based on the existence of a previous conviction or convictions. "[E]ven if Doe is at risk of deprivation of a constitutionally protected interest,[2] due course of law

does not entitle him to a hearing to establish a fact—current or future dangerousness—that is not material" pursuant to the Act. *Id.* at 989. "[E]ven if Doe could prove that he is not likely to be currently dangerous, the Legislature has decided that the registry information of all sex offenders—currently dangerous or not—must be publicly disclosed." *Id.* Thus, the court held that Doe was not entitled to a hearing on the issue.

Similarly, in the instant case, the Act specifically states the criteria for "per se" classification of a sex offender as an SVP, and Vickery satisfies those criteria. He questions the statute's definition of SVP as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense" and wants an opportunity to prove that he does not fall within this definition. Our legislature provides an opportunity for those sex offenders who do not fall within the "by operation of law" criteria to be heard if the State pursues classification as an SVP, but that is not the case here. There is no need for a hearing when the necessary fact—that Vickery was convicted of child molesting as a class B felony—is not arguable. Vickery's due process rights were not violated.

Affirmed.

BAKER, C.J., and DARDEN, J., concur.

## ORDER

Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision

---

2. Our supreme court noted the U.S. Supreme Court's holding in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), that injury to reputation does not constitute deprivation of a federal liberty interest. Doe argued that Indiana recognizes such an interest as demonstrated by Article 1, Section 12 of the Indiana Constitution, which includes "reputation" as an interest entitled to protection by the due course of law. *Doe*, 790 N.E.2d at 989. Our supreme court found it unnecessary to address the issue of whether a deprivation of a state liberty interest had occurred because the Act's registry requirements were based solely upon the existence of prior convictions.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1.   Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED.

BAKER, C.J., and DARDEN and CRONE, JJ., concur.