## FOR PUBLICATION



APPELLANT PRO SE:

**DANIEL J. HOLLEN**
Tell City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DANIEL J. HOLLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 62A04-1211-MI-636 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PERRY CIRCUIT COURT
The Honorable M. Lucy Goffinet, Judge
The Honorable Karen A. Werner, Magistrate
Cause Nos. 62C01-1211-MI-553, 62C01-1207-MI-464

**June 25, 2013**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Daniel J. Hollen appeals the trial court's denial of his Petition to Remove Registration Act, Sexual Violent Predator Status, and Global Positioning Satellite. Hollen raises nine issues which we consolidate and restate as whether the court erred in denying his petition. We affirm.

FACTS AND PROCEDURAL HISTORY

On January 18, 2000, by an Amended Information, the State charged Hollen with four counts of child molesting as class B felonies.[1] The charging information alleged that the offenses occurred between July 4, 1994, and September 30, 1995. On January 21, 2000, a jury found Hollen guilty of two counts of child molesting.[2] The Knox Circuit Court sentenced Hollen to fifteen years for each count and ordered the sentences to be served consecutive to each other for an aggregate sentence of thirty years. Hollen v. State, No. 42A01-0005-CR-150, slip op. at 2-3 (Ind. Ct. App. January 23, 2001). On direct appeal, Hollen argued that the evidence was insufficient to sustain his convictions for child molesting and that the trial court abused its discretion in imposing enhanced and consecutive sentences, and this court affirmed. Id. at 2.

On July 11, 2012, Hollen, *pro se*, filed a "Petition to Remove Registration Act, Sexual Violent Predator Status, and Global Positioning Satellite" in the Perry Circuit Court. Appellant's Appendix at 95. Hollen argued in part that his classification as a sexually violent predator ("SVP") was contrary to the ex post facto clause of the Indiana Constitution and the United States Constitution. Hollen contended that "[t]he IDOC is

---

[1] Ind. Code § 35-42-4-3.

[2] The record does not contain a copy of the transcript of Hollen's trial or sentencing hearing.

retroactively punishing [him] by requiring him to register as [an] SVP or to register at all for the rest of his life" and that "at the time of [the] offense: ('Sometime in the summer of 1994[']) the Zachary Law I.C. 11-8-8-22 was not enacted [and] thus cannot be applied to [him] now under ex-post factor [sic] laws." Id. at 96. Hollen also cited Ind. Code § 35-38-1-7.5(c) and stated that the trial court did not determine whether he was an SVP by consulting with a board of experts consisting of two board certified psychologists or psychiatrists who had expertise in criminal behavioral disorders. Hollen also argued that the "IDOC classification of [him] as [an] SVP was made without affording him a hearing to determin[e] whether he posed a future danger, thereby denying him procedural due process." Id. at 97. He asserted that he was "being restricted from areas which are legal and [had] been approved by Parole Agent Gina Boyer, because IDOC equipment is failing to function with satellite[,] violating [his] basic rights under Indiana Laws." Id. Hollen also alleged that the State was without authority to argue this action because the prosecutor did not file an appearance.

The Perry Circuit Court entered an order on Hollen's petition which stated that "the relief requested by [Hollen] is an attack on the judgments entered" in Cause Number 42C01-9707-CF-008 ("Cause No. 8"), that "pursuant to Rule PC1(c), this matter should be transferred to the Knox Circuit Court," and ordered that further proceedings on the petition be transferred to the Knox Circuit Court under Cause No. 8. Id. at 92. In a letter dated August 30, 2012, the Knox Circuit Court informed the Perry Circuit Court that petitions for removal from the registry must first be filed in the county in which the individual resides and that the Knox Circuit Court was "sending venue of this matter back

3

to Perry County" because Hollen lives in Perry County. <u>Id.</u> at 62. The letter also attached a document from the Division of State Court Administration which discussed Ind. Code § 11-8-8-22.

On October 8, 2012, the case was transferred back to the Perry Circuit Court. Hollen filed a "Motion for Default Judgment and Summary Judgment is Issued as a Matter of Law" in the Perry Circuit Court. <u>Id.</u> at 49. Hollen requested that the court "find the State Of Indiana in Default on the Petition to Remove Registration Act, Sexual Violent Predator Status, and Global Positioning Satellite, and to issue a Default Judgment / Summary Judgment on the motion as granted." <u>Id.</u> On October 30, 2012, the court denied Hollen's earlier petition filed on July 11, 2012. <u>Id.</u> at 52. On November 2, 2012, Hollen filed a motion to correct error, which the trial court denied on November 8, 2012.

## DISCUSSION

The issue is whether the court erred in denying Hollen's "Petition to Remove Registration Act, Sexual Violent Predator Status, and Global Positioning Satellite." <u>Id.</u> at 95. Before discussing Hollen's allegations of error, we note that although he is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. <u>Evans v. State</u>, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), <u>trans.</u> <u>denied</u>. Hollen's arguments are scattered throughout his statement of issues and statement of the case. Indeed, the section of his brief labeled "Argument" consists of only two pages of his thirty-eight page appellant's brief.[3] <u>See</u> Appellant's Brief at 33-35. While Hollen raises nine issues in his statement of issues, he has only four arguments in

_____

[3] Ind. Appellate Rule 46(A) governs the arrangement and content of an appellant's brief.

4

the argument section of his brief. To the extent that he fails to put forth a cogent argument, cite to authority, or cite to the record, we conclude that most of Hollen's arguments are waived.[4] See, e.g., Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); Shane v. State, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument).

To the extent that Hollen develops cogent arguments, we will address them on the merits. He appears to argue that the requirement that he register as an SVP constitutes an ex post facto law because he committed the offenses prior to the effective date of the Sex Offender Registration Act. Specifically, he asserts that "all amendments to *P.L. 11-1994* are illegal to the appellant, because no notice was given to [him] in 1994 for acts that was in violation of laws, *Ind. Const. art. 4 sect. 28*, because no notice was posted and [he] was not aware such acts were punishable under the law, and they are ex post facto to [him] *U.S. CONST. ART. I SECT. 10*, and *IND. CONST. ART. I SECT. 24*." Appellant's Brief at 10. Hollen also argues that "the SVP status as applied to [him] which changes

---

[4] For example, Hollen states, without citation to the record, that he has had seven parole agents since his release and that "[t]his is outrageous, and a true danger in public safety!" Appellant's Brief at 25. He also argues that a transcript of an interview of J.H., the victim, by Knox County Sheriff's Detective Doug Vantlin labeled as Defendant's Exhibit A in Appellant's Appendix, was an "illegal document," was "not signed by any party" or certified, and was "NEVER admitted into evidence. . . ." Id. at 20. In the interview, J.H. indicated that the offenses occurred after July 4, 1994. Hollen argues that "[t]he fact it was NEVER admitted into evidence shows how lax the Judge was and total incompetence and ineffective counsel in this case for the defendant." Id. However, Hollen later cites the interview to suggest that his "time of Memorial Weekend is more than probable as the correct date of crime." Id. at 28. He also appears to suggest for the first time on appeal that he "would have been too hurt to have been camping during" the time frame that the offenses allegedly occurred. Id. at 21.

5

the status in law is ex post facto." Id. at 36. He further suggests that the State cannot make any arguments on appeal because the State did not file an appearance below.

The State contends that Hollen's petition did not comply with all of the requirements of Ind. Code § 11-8-8-22 because it was not verified and did not list each jurisdiction where Hollen is required to register and that even if Hollen's petition was sufficient, he is not entitled to relief under the statute. The State asserts that Hollen does not have an ex post facto claim because his crimes occurred after Indiana's Sex Offender Registry Act went into effect on July 1, 1994. The State argues that Hollen's other arguments are waived for either lack of merit or failing to raise them below.

Ind. Code § 11-8-8-22 governs petitions to remove designations or to register under less restrictive conditions. "A person to whom this section applies may petition a court to: (1) remove the person's designation as an offender; or (2) require the person to register under less restrictive conditions." Ind. Code § 11-8-8-22(c). "After receiving a petition under this section, the court may: (1) summarily dismiss the petition; or (2) give notice to [various entities] and set the matter for hearing." I.C. § 11-8-8-22(d).[5]

---

[5] In its entirety, Ind. Code § 11-8-8-22(d) provides:

After receiving a petition under this section, the court may:

(1)  summarily dismiss the petition; or
(2)  give notice to:

    (A)  the department;
    (B)  the attorney general;
    (C)  the prosecuting attorney of:

        (i)  the county where the petition was filed;
        (ii)  the county where offender was most recently convicted of an offense listed in section 5 of this chapter; and

We observe that Hollen's petition did not meet the requirements of Ind. Code § 11-8-8-22 as the petition was not submitted under the penalties of perjury nor did it explicitly list each jurisdiction in which the offender is required to register as a sex offender or a violent offender. See Ind. Code § 11-8-8-22(k).[6] But even assuming that Hollen's petition was sufficient to constitute a petition under the statute, we cannot say that reversal is required.

With respect to his argument that the State was required to file an appearance and, failing to do so, that the State cannot make any arguments on appeal, we observe that Ind. Code § 11-8-8-22(e) provides that "[a]fter receiving a petition under this section, the

---

          (iii)     the county where the offender resides; and

    (D)     the sheriff of the county where the offender resides;

and set the matter for hearing. The date set for a hearing must not be less than sixty (60) days after the court gives notice under this subsection.

[6] Ind. Code § 11-8-8-22(k) provides:

   (k)     A petition filed under this section must:

      (1)     be submitted under the penalties of perjury;
      (2)     list each of the offender's criminal convictions and state for each conviction:

          (A)     the date of the judgment of conviction;
          (B)     the court that entered the judgment of conviction;
          (C)     the crime that the offender pled guilty to or was convicted of; and
          (D)     whether the offender was convicted of the crime in a trial or pled guilty to the criminal charges; and

      (3)     list each jurisdiction in which the offender is required to register as a sex offender or a violent offender.

7

court may . . . (1) *summarily dismiss the petition*; or (2) give notice to . . . the prosecuting attorney . . . and set the matter for hearing." (Emphasis added). Further, Ind. Code § 11-8-8-22(f) provides that "[i]f a court sets a matter for a hearing under this section, the prosecuting attorney of the county in which the action is pending shall appear and respond . . . ." Based upon the provision of Ind. Code § 11-8-8-22, we cannot say that the State was required to enter an appearance or is precluded from making arguments on appeal.[7]

Turning to Hollen's arguments regarding whether his registration and status as an SVP violate the prohibition against ex post facto laws in the Indiana Constitution and the United States Constitution, we observe that Article 1, Section 10 of the United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." Article 1, Section 24 of the Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed."

A law is ex post facto if it substantially disadvantages a defendant because it increases his punishment, changes the elements of or ultimate facts necessary to prove the offense, or deprives a defendant of some defense or lesser punishment that was available at the time of the crime. Lemmon v. Harris, 949 N.E.2d 803, 809 (Ind. 2011). The underlying purpose of the Ex Post Facto Clause is to give people fair warning of the conduct that will give rise to criminal penalties. Id.

---

[7] Hollen also contends that his petition should have been granted pursuant to Ind. Trial Rule 8(D), which provides that "[a]verments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Given that the trial court summarily dismissed the petition, we cannot say that the prosecutor was required to file a responsive pleading. See Ind. Code § 11-8-8-22.

8

To the extent that Hollen argues that the Sex Offender Registration Act (the "Act") is ex post facto because he committed the offenses prior to the effective date of the Act of July 1, 1994, we observe that Hollen suggests that the offenses occurred during Memorial Day Weekend of 1994 and argues that "[t]his is supported by Affidavit and the earliest testimony by the State of Indiana witnesses." Appellant's Brief at 7. However, Hollen cites to pages 132-134 of the Appellant's Appendix which contains the charging information alleging that the offenses occurred between July 4, 1994 and September 30, 1995, and the jury found Hollen guilty of two of these charges. Thus, to the extent that Hollen argues that the Act constitutes an ex post facto law because he committed the offense prior to the effective date of July 1, 1994, we do not find his argument persuasive.

To the extent that he challenges the amendments to the Act, we observe that the initial version of the Act took effect on July 1, 1994. Pub. L. No. 11-1994, § 7 (eff. July 1, 1994) (codified as Ind. Code §§ 5-2-12-1 to 5-2-12-13) (current version at Ind. Code §§ 11-8-8-1 to 11-8-8-22). In 1994, the Act, among other things, required probationers and parolees convicted of child molesting on or after June 30, 1994 to register as sex offenders. See Wallace v. State, 905 N.E.2d 371, 373 (Ind. 2009), reh'g denied; Ind. Code § 5-2-12-14 (1994) (defining an "offender"); Ind. Code § 5-2-12-5 (1994) (requiring that an offender register with each local law enforcement agency). The Act contained both registration and notification provisions, i.e., sex offenders were required to take affirmative steps to notify law enforcement authorities of their whereabouts, and that information was then disseminated to the public. 905 N.E.2d at 375. In 1994, the

9

crime of child molesting triggered the status as a sex offender. See id.; Ind. Code § 5-2-12-4 (1994) (repealed by Pub. L. No. 140-2006, § 41 and Pub. L. No. 173-2006, § 55). "Originally the duty to register was prospective only, and terminated when the offender was no longer on probation or discharged from parole." 905 N.E.2d at 375 (citing Ind. Code § 5-2-12-13 (1994)).

The Act has been amended several times[8] and we will review some of the amendments. "[I]n 1995 the duty to register expanded to ten years after the date the offender was released from prison, placed on parole, or placed on probation, whichever occurred last." Id. (citing Ind. Code § 5-2-12-13 (1995)). In 1998, the legislature defined a "sexually violent predator" as "an individual who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in any of the offenses described in section 4 of this chapter." Ind. Code § 5-2-12-4.5 (1998); Pub. L. No. 56-1998, § 7 (eff. July 1, 1998). That same year, the legislature amended Ind. Code § 35-38-1-7.5(c) to provide that "[a]t the sentencing hearing, the court shall determine whether the person is a sexually violent predator. Before making a determination under this section, the court shall consult with a board of experts consisting of two (2) board certified psychologists or psychiatrists who have expertise in criminal behavioral disorders." See Pub. L. No. 56-1988, § 17 (eff. July 1, 1998). In 2003, the legislature amended Ind. Code § 5-2-12-13 to provide that "[a]n offender who is found to be a sexually violent predator by a court under IC 35-38-1-7.5(b) is required to register for life." Pub. L. No. 222-2003, § 1 (eff. July 1, 2003). In 2007, the legislature amended

_____

[8] The Indiana Supreme Court reviewed the various amendments to the Act in Harris, 949 N.E.2d at 806-807; and Wallace, 905 N.E.2d at 375-377.

Ind. Code § 35-38-1-7.5(b) to provide that "a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994."[9] Pub. L. No. 216-2007, § 37 (eff. May 10, 2007).

Every statute stands before us clothed with the presumption of constitutionality until that presumption is clearly overcome by a contrary showing. Wallace, 905 N.E.2d at 378. The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against the party. Id. If two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated the constitution unless the unambiguous language of the statute requires that conclusion. Id.

In Wallace, the Court noted that the United States Supreme Court had concluded that the State of Alaska's Sex Offender Registry Act, which is very similar to Indiana's Act, did not violate the Ex Post Facto Clause of the United States Constitution. Id. (citing Smith v. Doe, 538 U.S. 84, 105-106, 123 S. Ct. 1140 (2003)). In considering whether Indiana's Act violates the Indiana Constitution's ex post facto provision, the Indiana Supreme Court applied the "intent-effects" test, which is the same analytical framework the United States Supreme Court uses to evaluate federal ex post facto claims.

---

[9] Subdivision 1 provided that "A person who: (1) being at least eighteen (18) years of age, commits an offense described in . . . IC 35-42-4-3 as a Class A or Class B felony . . . ."

Subdivision 2 is not germane to this appeal.

11

Id. at 378-379. In applying the test, the court first considers whether the legislature meant to establish civil proceedings. Harris, 949 N.E.2d at 810. If instead its intention was to impose punishment, then the inquiry ends. Id. However, if the legislature intended a non-punitive regulatory scheme, then we must examine the Act's effects to determine whether they are in fact so punitive as to transform the regulatory scheme into a criminal penalty; if so, then retroactive application of the law violates the Ex Post Facto Clause. Id.

As recognized in Wallace and Harris, it is difficult to determine any intent given the lack of legislative history and purpose statement. Nevertheless, the party challenging the constitutionality of the statute bears the burden of proof, and in this case, Hollen has not cited any evidence of a punitive intent on the part of the legislature. Thus, we will presume that the legislature's intent was civil and regulatory in relation to Hollen's claim that application of the Act violates the Ex Post Facto Clause. See Harris, 949 N.E.2d at 810.

Having found no punitive intent on the part of the legislature, we turn to whether the effects of applying the regulatory scheme are punitive as to Hollen. We are guided by seven factors: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as punishment; (3) whether it comes into play only on a finding of *scienter*; (4) whether its operation will promote the traditional aims of punishment – retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the

alternative purpose assigned. Id. See also Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-169, 83 S. Ct. 554, 567-568 (1963); Gonzalez v. State, 980 N.E.2d 312, 317 (Ind. 2013). No one factor is determinative. Gonzalez, 980 N.E.2d at 317. We address each factor in turn, noting that our task is not simply to count the factors on each side, but to weigh them. Id.

1.      Affirmative Disability or Restraint

The first factor is whether the sanction involves an affirmative disability or restraint. The Indiana Supreme Court has found that the Act imposes significant affirmative obligations and a severe stigma on those to whom it applies. Id. (citing Harris¸ 949 N.E.2d at 811; Jensen v. State, 905 N.E.2d 384, 391 (Ind. 2009); Wallace, 905 N.E.2d at 379). The duties imposed by the Act and extension of the duties to a lifetime requirement weigh in favor of treating the effects of the Act as punitive. See id.; Harris, 949 N.E.2d at 811.

2.      Sanctions That Have Historically Been Considered Punishment

The next factor, whether the sanction has historically been regarded as a punishment, which involves the dissemination and widespread availability of offenders' personal information, has been found to resemble the historical punishment of shaming. Gonzalez, 980 N.E.2d at 317-318. By extending the duration of the registration requirement, the Act has the effect of increasing shame on Hollen, which weighs in favor of punitive treatment. See id. at 318; Harris, 949 N.E.2d at 811.

3.      Finding of *Scienter*

13

In applying the third factor, whether the statute comes into play only on a finding of *scienter*, our focus is whether the sanction is linked to a showing of *mens rea*. Gonzalez, 980 N.E.2d at 318. If so, it is more likely to be considered punishment. Id. In this case, Hollen's qualifying offense is one of the few offenses included in the Act for which there is no *scienter* requirement. See Harris, 949 N.E.2d at 812 (observing that there is no *scienter* requirement for the offense of child molesting where there is sexual intercourse or deviate sexual conduct with a child under the age of fourteen). Thus, it seems that this factor would not be punitive as applied to Hollen, although the Indiana Supreme Court has been "reluctant in the past to conclude that the few non-scienter exceptions imply a nonpunitive effect as a whole." Id.

4.    Traditional Aims of Punishment

The fourth factor considers whether the statute's operation will promote the traditional aims of punishment – retribution and deterrence.[10] Gonzalez, 980 N.E.2d at 318. The more the Act promotes these traditional aims of punishment, the more likely it is to be punitive. Id. Although lifetime registration required by the Act has a likely deterrent effect and promotes community condemnation of offenders, it also serves a valid regulatory function by providing the public with information related to community safety. Id. Under the circumstances, this factor weighs in favor of treating the effects of the Act as non-punitive. See id.; Harris, 949 N.E.2d at 812 (offense required registration both before and after the 2007 amendments to the Act and factor favored non-punitive treatment).

---

[10] As noted by the Court in Gonzalez, the primary aim of punishment is rehabilitation under the Indiana Constitution. 980 N.E.2d at 318 n.5 (citing IND. CONST. art. 1, § 18).

14

5.    Applicability Only to Criminal Behavior

The fifth factor for consideration is whether the behavior to which the statute applies is already a crime. Gonzalez, 980 N.E.2d at 318. Although the registration requirement is triggered exclusively by criminal behavior, Hollen's offense of child molestation was already a registration-triggering offense at the time of commission. The Indiana Supreme Court has weighed this factor in favor of treating the enhanced registration period as non-punitive as applied in analogous circumstances. See id. at 318-319; Harris, 949 N.E.2d at 812.

6.    Advancing Non-Punitive Interest

Under the sixth factor, we determine whether an alternative purpose to which the statute may rationally be connected is assignable for it. Gonzalez, 980 N.E.2d at 319. Because the Act advances the legitimate regulatory purpose of protecting the public from repeat sexual crime offenders, our cases have consistently treated this factor as non-punitive. Id. Likewise, here, this factor weighs in favor of treating the effects of the Act as non-punitive. See id.

7.    Excessiveness in Relation to Articulated Purpose

The seventh and final factor to be considered is whether the statute appears excessive in relation to the alternative purpose assigned. Id. The Indiana Supreme Court has reached differing results based on the outcome of this final factor. In Wallace, the Court determined the seventh factor to be punitive for a defendant convicted and released prior to the Act's 1994 passage. Id. In so doing, the Court "found it significant that 'the Act provides no mechanism by which a registered sex offender can petition the court for

15

relief from the obligation of continued registration and disclosure. Offenders cannot shorten their registration or notification period, even on the clearest proof of rehabilitation." Id. (quoting Wallace, 905 N.E.2d at 384).

In Jensen, the Court found that the effects of the Act applied differently to Jensen than they had to Wallace. The Court first noted that the 2006 amendments had changed nothing with regard to Jensen's actual disclosure requirements; they had changed only the duration of the requirement. Jensen, 905 N.E.2d at 394. Second, Jensen, unlike Wallace, was able to petition the court after ten years for reconsideration of his status as an SVP. Id. The Court concluded that the seventh factor weighed in favor of non-punitive treatment. Id.

Here, we acknowledge that the Act was less restrictive in 1994 when Hollen committed the offenses. See Gonzalez, 980 N.E.2d at 319 n.6 (noting that at the time the defendant committed his crime in 1996, the Act was less restrictive than it was at the time of Jensen's crime in 1998, because in 1996 limited information was available on offenders, the verification process was minimal, and the availability of information to the public was limited, and observing that amendments to the Act in 1998 imposed heavy restraints on offenders related to notification requirements and verification of the disclosed information). However, like the defendants in Jensen and Harris, Hollen is an SVP. Under Indiana law, there are two avenues by which a sex offender may qualify as an SVP. Id. at 319. "First, a person can qualify as an SVP by reason of a 'mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense.'" Id. at 319-320 (quoting Ind. Code § 35-38-1-7.5(a)). Second, a person

16

may become an SVP by virtue of the offense committed.  Id. (citing Ind. Code § 35-38-1-7.5(b)).

> Ind. Code § 35-38-1-7.5(b) provides:
>
> A person who . . . being at least eighteen (18) years of age, commits an offense described in . . . IC 35-42-4-3 as a Class A or Class B felony . . . is a sexually violent predator.  Except as provided in subsection (g) or (h), a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994.

Here, Hollen committed child molestation as a class B felony which is a qualifying offense under Ind. Code § 35-38-1-7.5(b).  As noted by the Court in Harris, the fact that Hollen's acts could not have qualified him as an SVP at the time he committed them because the status was not yet in existence does not mean that the Act is any more punitive as applied to him.  See Harris, 949 N.E.2d at 812 n.19 ("The fact that Harris's acts could not have qualified him as an SVP at the time he committed them because the status was not yet in existence does not mean that the Act is any more punitive as applied to him . . . we are mostly concerned with the imposition of a life-time-registration requirement, not the stigma associated with the SVP status.").

The availability of meaningful review of an offender's future dangerousness is therefore germane to the determination of whether a statute's effects are excessive.  Gonzalez, 980 N.E.2d at 320.  As an SVP, Hollen has an available channel through which he may petition the trial court for review of his future dangerousness or complete rehabilitation.  Specifically, Ind. Code § 35-38-1-7.5(g) provides in part:

> A person who is a sexually violent predator may petition the court to consider whether the person should no longer be considered a sexually

violent predator. The person may file a petition under this subsection not earlier than ten (10) years after:

> (1) the sentencing court or juvenile court makes its determination under subsection (e); or

> (2) the person is released from incarceration or secure detention.

> A person may file a petition under this subsection not more than one (1) time per year. A court may dismiss a petition filed under this subsection or conduct a hearing to determine if the person should no longer be considered a sexually violent predator. If the court conducts a hearing, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person should no longer be considered a sexually violent predator under subsection (a). If a court finds that the person should no longer be considered a sexually violent predator, the court shall send notice to the department of correction that the person is no longer considered a sexually violent predator. Notwithstanding any other law, a condition imposed on a person due to the person's status as a sexually violent predator, including lifetime parole or GPS monitoring, does not apply to a person no longer considered a sexually violent predator.

Under the circumstances, we find that the seventh factor weighs in favor of treating the effects of the Act as non-punitive and conclude that the Act is non-punitive when applied to Hollen. See Harris, 949 N.E.2d at 812-813 (finding the seventh factor non-punitive due to availability of individualized review of SVP status under Ind. Code § 35-38-1-7.5(g) and holding that the defendant's status as an SVP had changed by operation of law and that the Act as applied did not violate Indiana's prohibition on ex post facto laws); Vickery v. State, 932 N.E.2d 678, 682-683 (Ind. Ct. App. 2010) (holding that the Act as applied to a defendant that had committed child molesting in 1995 did not violate the Indiana constitutional prohibition against ex post facto laws and rejecting the petitioner's

18

argument that his due process rights were violated because he was classified as an SVP with no opportunity to be heard on the issue).

With respect to his motion for default judgment, Hollen argues that the "Perry County Judge violated the law when [she] transferred to county of conviction, because *I.C. 11-8-8-22(d)* states [he] must file in County of residence which was and is Perry County." Appellant's Brief at 30. He asserts that Ind. Criminal Rule 2.3(A) "states that 'permission' must be given from receiving court, which was not done in this action."[11] Id. Hollen then argues that "[t]hese illegal acts which violated Indiana Laws and Court Rules means the 30 days to rule on case was not extended by this illegal act and the *Motion For Default Judgment and Summary Judgment Be Issued As A Matter Of Law* was a valid motion within Perry Circuit Court and the clerk violated my basic due process rights to the judgment that [he] was entitled to under the law *T.R. 8(D)*."[12] Id.

The record reveals that Hollen filed his Petition to Remove Registration Act, Sexual Violent Predator Status, and Global Positioning Satellite on July 11, 2012, in the Perry Circuit Court, that the Perry Circuit Court subsequently transferred the case to the

---

[11] Ind. Criminal Rule 2.3(A) provides:

Transfer of Cases from City and Town Courts. In all counties where there are circuit, superior, county or juvenile courts, and where there also exist in the same county a city or town court, the judge of the city or town court may, with the consent of the judge of such circuit, superior, county or juvenile court, transfer to the circuit, superior, county or juvenile court any cause of action filed and docketed in such city or town court. Transfer may occur by transferring to the receiving court all original pleadings and documents and bail bonds filed in such cause of action. The cause of action shall be redocketed in the receiving court and disposed as if originally filed with the receiving court, provided that the receiving court has jurisdiction over the matter.

[12] Ind. Trial Rule 8(D) provides: "Effect of failure to deny. Averments in a pleading to which a responsive pleading is required, except those pertaining to amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

Knox Circuit Court, that the case was transferred back to the Perry Circuit Court on October 8, 2012, and that the Perry Circuit Court denied Hollen's petition on October 30, 2012. While the Perry Circuit Court erred in initially transferring the case to the Knox Circuit Court, Hollen has failed to develop a cogent argument on this basis and thus the error is waived, and reversal is not warranted under the circumstances.

For the foregoing reasons, we affirm the trial court's denial of Hollen's petition.

Affirmed.

RILEY, J., and BRADFORD, J., concur.