## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2015, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Dwight Neal<br>Westville, Indiana<br>Appellant pro-se | Gregory F. Zoeller<br>Indianapolis, Indiana<br><br>Karl M. Scharnberg<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **Dwight Neal,**<br>*Appellant-Defendant,*<br><br>v.<br><br>**State of Indiana,**<br>*Appellee-Plaintiff* | October 15, 2015<br><br>Court of Appeals Case No. 71A05-1411-CR-559<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Jerome Frese, Judge<br><br>Trial Court Cause No. 71D03-1107-FB-101 |

**Altice, Judge.**

## Case Summary

Dwight Neal, pro se, appeals the denial of his motion to correct erroneous sentence. Neal lists six issues for review but then provides no authority, no citations to the record, and no cogent reasoning. Accordingly, we find the issues presented in his appellate brief waived.

We affirm.

## Facts & Procedural History

Following Neal's guilty plea to class B felony burglary, the trial court sentenced him, on February 22, 2012, to eighteen years. The court ordered six of those years executed and twelve suspended. With respect to probation, the court directed that the first six years (following the executed term) be served in prison as a condition of probation. In its order, the court urged Neal to enroll in the CLIFF program while in prison and then indicated:

> Court is expressly anticipating that if the Defendant has completed the six year executed sentence and is in the CLIFF program or eligible for the CLIFF program, then it is the Court's intention to have him remain in the Department of Correction until he can finish the CLIFF program.

> If the Defendant has already finished CLIFF and completed the six year executed sentence, while the Court is ordering the Defendant remain in the Department of Correction as a condition of probation, it would be the Court's express intention to ask DuComb to reconsider the Defendant at that time for a transfer of placement as a condition of probation from DOC to work release or whatever program DuComb deems appropriate.

*Sentencing Order* (appended to *Appellant's Brief* at 7).

[4]     After an unsuccessful petition for change of placement, Neal filed a motion for modification of placement on April 28, 2014. Thereafter, on October 21, 2014, Neal filed a motion to correct erroneous sentence. On October 27, 2014, the trial court issued an order denying the motion to correct erroneous sentence and, with respect to the motion for modification of placement, indicated that it would request a DOC progress report before further addressing the motion.[1] Neal appeals from the denial of his motion to correct erroneous sentence.

## Discussion & Decision

[5]     Pro se litigants are held to the same standard as trained counsel and are required to follow procedural rules. *Hollen v. State,* 994 N.E.2d 1166, 1169 (Ind. Ct. App. 2013). Specifically, an appellant must present arguments on appeal that are supported by cogent reasoning and citations to proper authorities, statutes, and relevant portions of the Record on Appeal. Ind. Appellate Rule 46(A)(8)(a). Failure to meet this requirement results in waiver. *See Hollen,* 994 N.E.2d at 1169.

[6]     Neal lists six issues for review but then addresses only one or two in his summary of argument section. Throughout his brief, Neal cites no authority

---

[1] At some point during his pro se filings with the trial court, Neal filed an unsuccessful habeas corpus petition in federal court. On January 27, 2015, the trial court issued an order declining to consider the pending motion for modification of placement until the appeal regarding the legality of Neal's sentence is complete.

and provides no citation to the record.  The entirety of his argument section is as follows:

> The District Court cannot add additional 6 years to the defendant [sic] sentence and make it exessive [sic].  The statue [sic] of a class B, Felony is 6 to 20 years.  By adding additional 6 years to the defendant sentence it makes his sentence a 22 year sentence. Which the defendant would have to do 6 years on his 12 year plea-agreement and 16 years probation when release [sic] from incarceration.

> The courts cannot take away or deny the defendant purposeful incarceration after he was sentence [sic] to a program and completed that was <u>ordered</u> by the courts.

> If all Legal documents are reveiwed [sic] it will show that the district court Erred on factual issues[.]  This court is enable [sic] to conclude that substantial claim is presented and that there are disputed issues of material fact in this Brief.

*Appellant's Brief* at 5.  Because Neal has wholly failed to put forth a cogent argument supported by authority and citations to the record, we conclude that his appellate arguments are waived.

[7] Waiver notwithstanding, we observe that the trial court properly denied the motion to correct erroneous sentence.[2]  While suspended sentences are

---

[2] Such a motion "may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority."  *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Accordingly, claims that require consideration of matters outside the face of the sentencing judgment may not be addressed via this type of motion.  To the extent Neal's arguments are based on his motion for modification of placement, we observe that any ruling on that motion is not before us for review.

traditionally served outside the confines of prison, "[t]he law is clear that a trial court may suspend a sentence, place a defendant on probation, and then order a term of imprisonment as a condition of probation." *Sutton v. State,* 562 N.E.2d 1310, 1313 (Ind. Ct. App. 1990), *trans. denied, cert. denied,* 502 U.S. 987 (1991). *See also* Ind. Code § 35–38–2–2.3(c) ("[a]s a condition of probation, the court may require that the person serve a term of imprisonment in an appropriate facility at the time or interval (consecutive or intermittent) within the period of probation the court determines"); *Strowmatt v. State,* 779 N.E.2d 971, 976-77 (Ind. Ct. App. 2002) (upholding a similar sentence as authorized by I.C. § 35–38–2–2.3).

[8] Judgment affirmed.

[9] Riley, J., and Brown, J., concur