## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Anthony J. DeMarco
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony J. DeMarco,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 30, 2020<br><br>Court of Appeals Case No.<br>20A-CR-627<br><br>Appeal from the Kosciusko<br>Superior Court<br><br>The Honorable David C. Cates,<br>Judge<br><br>Trial Court Cause No.<br>43D01-0503-FA-35 |

**Crone, Judge.**

# Case Summary

[1] Anthony J. DeMarco, pro se, appeals the trial court's denial of his petition for permission to file a belated notice of appeal. We affirm.

# Facts and Procedural History

[2] In 2006, a jury found DeMarco guilty of four counts of class A felony child molesting. The trial court sentenced him to an aggregate term of 120 years. DeMarco appealed his sentence, arguing that the aggravating circumstances found by the trial court did not justify four consecutive thirty-year sentences. Another panel of this Court determined that DeMarco's claim was precluded by recent statutory amendments and instead reviewed the appropriateness of his sentence under Indiana Appellate Rule 7(B); the panel held that an aggregate term of sixty years was appropriate and remanded with instructions to issue an amended sentencing order. *DeMarco v. State*, No. 43A03-0603-CR-128, 2006 WL 3759216 (Ind. Ct. App. Dec. 22, 2006), *trans. denied* (2007). The trial court issued that order in March 2007.

[3] In January 2020, DeMarco, pro se, filed a petition for permission to file a belated notice of appeal of his amended sentence, in which he alleged that the failure to file a timely notice of appeal was not his fault because he "was not present when the trial court re-sentenced [him] to sixty years, nor was [he] made aware that he was entitled to be present, or entitled to counsel, or advised that he had a right to appeal the newly imposed 60-year sentence." Appellant's App. Vol. 2 at 46. The trial court denied the petition without a hearing, finding

that the record "is clear" that DeMarco appeared in person and by counsel for entry of the amended sentencing order and "[t]hat there are no grounds for permitting filing of a belated notice of appeal." *Id*. at 53. DeMarco then filed a motion to reconsider and a motion to correct error, both of which were denied. This appeal ensued.

# Discussion and Decision

[4] Where, as here, "the trial court does not conduct a hearing on a petition for permission to file a belated notice of appeal, we review a trial court's decision regarding the petition de novo." *Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007). Such petitions are governed by Indiana Post-Conviction Rule 2(1), which provides,

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

A petitioner has the burden of proving the foregoing by a preponderance of the evidence. *Townsend v. State*, 843 N.E.2d 972, 974 (Ind. Ct. App. 2006), *trans. denied*. As a pro se litigant, DeMarco is held to the same standard as trained

counsel and is required to follow procedural rules. *Hollen v. State*, 994 N.E.2d 1166, 1168 (Ind. Ct. App. 2013).

[5]     It is undisputed that DeMarco failed to file a timely notice of appeal. He claims that this failure was not his fault because he "was not made aware that he had a statutory right to be present when the judge resentenced [him] to 60 years." Appellant's Br. at 6.[1] DeMarco asserts that this right derives from Indiana Code Section 35-38-1-4(a), which provides that "[t]he defendant must be personally present at the time sentence is pronounced." But DeMarco cites no authority for the proposition that Indiana Code Section 35-38-1-4(a) applies in situations like this, where a trial court resentences a defendant pursuant to instructions from this Court that leave no discretion as to the sentence imposed.[2] Failure to cite authority for an argument waives the issue for our review. *Whitfield v. State*, 127 N.E.3d 1260, 1268 n.5 (Ind. Ct. App. 2019), *trans. denied*. And, as the State points out, DeMarco has failed to identify "how he pursued his belated appeal with diligence." Appellee's Br. at 9. Therefore, we affirm the trial court.

---

[1] The record leaves some doubt regarding whether DeMarco was in fact present when the trial court issued the amended sentencing order. Although that order (which is nearly identical to the original sentencing order) states that DeMarco was present with counsel for resentencing, the chronological case summary does not indicate that a hearing was held or that an order was issued to transport him to a hearing. The judge who issued both sentencing orders is not the judge who ruled on the instant petition.

[2] DeMarco mistakenly suggests that he could relitigate the appropriateness of his amended sentence, which this Court has already found to be appropriate.

Affirmed.

Robb, J., and Brown, J., concur.